## HEBERT *v.* WOODS et al,

Where a promissory note is lost by a special endorsee, payment of its amount to a third person who had acquired no lawful title to it, will be no defence to an action by the true owner.

A statement made in an account rendered by an agent, not under oath, there being no evidence to bring the account within the rule which permits the declaration of a witness to be given in evidence against the principal as part of the *res gestæ,* is inadmissible in evidence.

APPEAL from the District Court of West Baton Rouge, *Burk,* J. *Bennett,* for the plaintiff. *Elam,* for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The defendants are sued as makers of a lost note. After the loss of the note the first endorsees, *Hébert brothers,* transferred their interest to the plaintiff. It appears from the evidence that *Hébert brothers* were the special endorsees of the payee, and entrusted the note to their correspondents in New Orleans, *Ricker & Co.,* with the request that they would ascertain if a certain creditor of *Hébert & Co.* would take the note in payment, and, if so, then *Hébert & Co.* would endorse the note. A day or two afterwards, *Ricker & Co.* wrote to *Hébert & Co.* that the note was lost or mislaid. The note was advertised at New Orleans and at Baton Rouge, and the drawees were advised of its loss by letters enclosing copies of the advertisement. The testimony by which the above facts are established is uncontradicted, and was believed by the district judge. Under this testimony it is clear that no other person than the plaintiff ever acquired any lawful title to the note. *Hébert & Co.,* being special endorsees, were alone capable to transfer it.

The defence relied upon is a payment to *Gottschalk,* who is said to have received the note from *Ricker & Co.* The testimony on this point is unsatisfactory. It is not proved at what date *Gottschalk* received the note, nor what

consideration he gave for it, nor even that he ever actually had it in his posses- <span style="float:right">HEBERT</span>
sion. The only witness called for the defence acknowledges that he never saw . <span style="float:right">·a<br>WOODS.</span>
the note. He states that he collected the amount for *Gottschalk* from one of
the makers, upon proving to him that the note was lost and that it belonged to
*Gottschalk* ; but what facts were proved to induce the maker to pay, is not
shown.

Under the evidence the district judge properly concluded that the title of
*Hébert brothers* was never lawfully divested, except in favor of the present
plaintiff; and that if a payment was really made by the makers, it was made
incautiously, and was ineffectual against the true owner.

The evidence adduced by the plaintiff to prove that the payee's endorsement
was special, was not inconsistent with the averments of the petition, and was
properly received.

The court properly rejected the copy of *Ricker & Co's.* account, made out
in the hand-writing of *Ricker* and signed by him, in which the note was credit-
ed to *Hébert brothers*. If *Ricker* himself was a competent witness he should
have been examined. The plaintiff could not be bound by his *ex parte* and
unsworn statement. It was mere hearsay, there being no accompanying evi-
dence to bring the document within the rule, which permits the declaration of
an agent to be given in evidence against the principal as part of the *res gestæ.*

*Judgment affirmed.*